### E. GIARDINA v. THE CITY OF GREENVILLE.

1. MUNICIPAL ORDINANCE. *Violation. Placing goods on sidewalk. Sufficiency of charge.*

    Under an ordinance making it unlawful to place any goods on a sidewalk, an affidavit charging defendant with obstructing a sidewalk by allowing barrels to *remain* thereon, without averring that he placed them there, charges no offense.

2. SAME. *Strictness. Articles designated. Ejusdem generis.*

    An ordinance which prohibits placing on a sidewalk "straw, chips, dirt, shells, tin cans, iron hoops, swill, nails, iron, glass, fruit peelings, melon rinds, shavings, rags, hair or such rubbish," is not violated by allowing *barrels* to remain on the sidewalk, obstructing it. Though they may contain the things mentioned, or have iron hoops and nails in their make-up, barrels are not embraced in the enumeration.

FROM the circuit court of Washington county.

HON. R. W. WILLIAMSON, Judge.

Appellant was convicted in the mayor's court on an affidavit, as follows:

"THE STATE OF MISSISSIPPI, ⎫  Personally  appeared  before
   WASHINGTON   COUNTY,  ⎬ me, mayor of said city, W. H.
      ·   City of Greenville. ⎭ Neal, who, being duly sworn,
deposes and says that in said city, on the twenty-ninth day of
October, 1892, one E. Giardina did obstruct the public side-
walks and streets in said city, in front of his store on Wash-
ington avenue, by allowing and permitting certain barrels to
remain thereon, in violation of the ordinance in that behalf,
and against the peace and dignity of the city of Greenville."

Section 1 of the ordinances of the city of Greenville pro-
vides that it shall be deemed a misdemeanor to do, or cause to
be done, any of the following acts :

" (26) To place in or upon any sidewalk any goods, wares
or merchandise or poultry or other thing of any kind or
character whatsoever, or to exhibit on said street any goods
or other things for sale or show.

" (40) For any person to place any straw, chips, dirt, shells,
tin cans and iron hoops, swill, nails, iron, glass, fruit peelings,
melon rinds, shavings, rags or hair, whether offensive to
health or not, and whether it amounts to an obstruction or
not, or to permit any such rubbish to be thrown by others, or
to remain in front of one's house or business place in any
street, alley or sidewalk of said city."

An appeal was taken to the circuit court, where a motion
was made by defendant to quash the affidavit, on the ground
that it charged no violation of the ordinances. This motion
was overruled, and the defendant was again convicted. Hence
this appeal.

*Wasson & Wasson*, for appellant.

The affidavit is claimed to have been made for a violation
of paragraph 26, § 1, page 44, of the ordinances of the city.
of Greenville. The ordinance, being penal, must be strictly
construed. Nothing can be added by implication. *State* v.
*Nichols*, 39 Miss., 318.

The ordinance does not make it a misdemeanor to *permit*

any thing to remain on the sidewalk.   To constitute a viola-
tion, there must be a *placing* upon the sidewalk some of the
things forbidden.

Neither does the ordinance provide against the obstruction
of the streets by placing such articles thereon.

It is not contended that appellant placed the barrels on the
sidewalk, or directed them to be placed there, or that he even
knew that they were there.   The charge is simply that he
permitted the barrels to *remain* on the sidewalk, and this is
no offense under the ordinance.   Nothing short of charging
appellant with placing upon the sidewalk the articles forbid-
den would show a violation.

*O. H. Perry* and *J. M. Jayne*, for appellee.

This case comes clearly within the provisions of the charter
of the city of Greenville, under which the ordinance in ques-
tion was adopted.   The ordinance is paragraph 40 of § 1, and
is to be found on page 45 of the charter and ordinances of
the city.   A fair construction of the charter and ordinance
referred to leaves no doubt whatever that the judgment is
correct, and it should be affirmed.

CAMPBELL, C. J., delivered the opinion of the court.

Tried by the ordinance under which the appellant's counsel
says the affidavit was made and the conviction had, the affi-
davit is bad, and tested by the ordinance relied on by the
counsel of the appellee to sustain the conviction, the affidavit
is not good, and the motion to quash should have been sus-
tained.   The thing mentioned in the affidavit ("barrels") is
not charged to have been *placed upon* the sidewalk by the de-
fendant, and therefore the offense denounced by the twenty-
sixth clause, page 44, of the charter and ordinances of Green-
ville is not charged; and barrels are neither " straw, chips,
dirt, shells, tin cans, iron hoops, swill, nails, iron, glass, fruit
peelings, melon rinds, shavings, rags, hair, or such rubbish,"
although they might contain such things, or have iron hoops

around them, and nails in their make-up, and therefore the affidavit does not charge a violation of the fortieth subdivision on page 45 of the charter and ordinances. We assume that these are the only provisions of the ordinances applicable, as no other is invoked by either party.

*Reversed, and remanded for further proceedings in accordance with law.*